### NEUMEYER et al. v. HOOKER et al.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. SALES (§ 53*)—EXISTENCE OF CONTRACT—QUESTION FOR JURY.

In an action for the contract price of goods alleged to have been sold to defendants, whether defendants actually ordered the goods *held* to be for the jury.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 145; Dec. Dig. § 53.*]

2. WITNESSES (§ 286*)—EXAMINATION—REDIRECT EXAMINATION.

In an action for the contract price of goods alleged to have been sold to defendants, the defense being that the signed order was obtained by fraud,

defendants intending only to order free samples, where the agent procuring the order had testified on cross-examination that he had obtained orders from others in the same city, naming M., it was error on redirect examination to permit him, after having testified that he was a witness in a case in which M. was defendant, to state that the jury brought in a verdict against M.; no foundation having been laid for the testimony on cross-examination.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 997; Dec. Dig. § 286.*]

3. WITNESSES (§ 374*)—EXAMINATION—CROSS-EXAMINATION.

M. having been subsequently called by defendants, and having testified that the same agent had caused goods to be sent him which he had not intended to order, he having signed the order without reading it, that he had driven plaintiffs out of his office when they tried to adjust the matter, and on cross-examination having testified that plaintiffs had sued him on his order, and that he had testified to the same occurrence on the trial, it was competent to ask him if the jury found against him for the full amount, since, the witness having been called to prove a contemporaneous fraud practiced by the agent at about the same time, plaintiffs were entitled, in order to discredit the motives of the witness and show prejudice which would tend to influence his testimony, to show that witness had testified to the charge on a judicial proceeding, but that it had been discredited by a verdict against him.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1201, 1202; Dec. Dig. § 374.*]

4. WITNESSES (§ 372*)—CROSS-EXAMINATION—BIAS OF WITNESS—DISCRETION OF COURT.

The extent of a cross-examination to prove bias or hostility of a witness lies largely in the discretion of the court; but any fact which tends to show such bias or hostility against the adverse party, or friendship or interest for or in favor of the party for whom he is called is competent on the question of the weight of his testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1192, 1193; Dec. Dig. § 372.*]

5. APPEAL AND ERROR (§ 1052*)—REVIEW—HARMLESS ERROR—IMPROPER EVIDENCE AFTERWARDS RENDERED ADMISSIBLE.

Evidence having been subsequently made competent, its prior admission was not prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4173; Dec. Dig. § 1052.*]

6. APPEAL AND ERROR (§ 204*)—RESERVATION OF GROUNDS OF REVIEW—NECESSITY FOR OBJECTION.

The objection that the proper proof of the verdict against a witness sought to be impeached was the record of the former trial could not be availed of on appeal, where not made in the lower court, as it could have been obviated by the introduction of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1262; Dec. Dig. § 204.*]

7. APPEAL AND ERROR (§ 237*)—RESERVATION OF QUESTIONS IN TRIAL COURT—MOTION TO STRIKE OUT TESTIMONY.

If testimony given in another trial, competent when received, was rendered incompetent by the introduction of the pleadings in the other case, and no motion was made to have the objectionable testimony stricken out, nor the court asked to charge the jury to disregard it, its incompetence could not be availed of on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1386–1388; Dec. Dig. § 237;* Trial, Cent. Dig. §§ 228–252.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. SALES (§ 161*)—DELIVERY.
> Where a contract provided that delivery of goods was to be f. o. b. at a certain place, freight and duty prepaid, the arrival of the goods at that point, the freight and duty having been paid, was a delivery under the contract.
>
> [Ed. Note.—For other cases, see Sales, Cent. Dig. § 377; Dec. Dig. § 161.*]

Appeal from Trial Term, New York County.

Action by Gustave Neumeyer and another against Horace B. Hooker and another. From a judgment for plaintiffs, and an order denying a new trial, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Nelson E. Spencer, for appellants.

Walter Carroll Low, for respondents.

INGRAHAM, J. The action was brought to recover for goods sold and delivered. The answer was a general denial, and for a further and separate defense it was alleged that the plaintiffs were engaged in the westerly part of the state of New York in procuring orders for the sale of certain quantities of steel, by fraud, trick, and artifice; that pursuant to said occupation the agent of these plaintiffs called upon the defendants at their office in Rochester, and called upon many other contractors and business men of said city, and by fraud, trick, and artifice procured signatures to what purported to be orders for the same; that the plaintiffs' agent called upon the defendants and asked permission to send a few samples of said steel to these defendants for trial, without expense to the defendants; that defendants had refused to purchase any steel from the plaintiffs, and had told the plaintiffs, through their said agent, that they would not order any, but told the plaintiffs' agent that they had no objection to trying a few samples of the plaintiffs' steel; that plaintiffs, through their agent, thereupon made out a memorandum, which they falsely and fraudulently represented was a mere memorandum of sample steel to be furnished to these defendants without charge; that the plaintiffs' agent falsely and fraudulently so arranged and contrived a memorandum for that purpose, and stated to the defendants that it was not an order, and that there would be no charge for any of the stuff, but that the articles therein described were solely samples, for which no charge would be made to the defendants; that, relying upon such statements, which were falsely made by these plaintiffs with design to induce these defendants to sign the same, these defendants, at the request of the plaintiffs, through their agent, did sign some memorandum or document on said day, being the same of which Exhibit A, annexed to the complaint, purports to be a copy.

Upon the trial the plaintiffs produced a written order, purporting to be signed by the defendants, which requested the plaintiffs to send to the defendants, to be delivered as soon as possible, freight and duty prepaid, f. o. b. Rochester, N. Y., certain picks and shovels, which were designated in the order as samples, and for which no charge was to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made, and also one bundle of pick steel and one bundle of drill steel, at 16 cents, "as per copy of this order left with the defendants," and this was signed by the defendants. Upon receipt of a bill of lading and invoice for the merchandise, the defendants wrote to the plaintiffs repudiating the order. The plaintiffs insisted upon the order, and that the shipment was made in accordance with it. The plaintiffs' agent testified that the picks and shovels were to be sent as samples, for which no charge was to be made, but that the defendants ordered the steel and agreed to pay the price named. The fact is undisputed that a copy of this order was left with the defendants; that the plaintiffs actually shipped the goods f. o. b. by the New York Central Railroad to Rochester and paid the freight. It was also proved that, after the rejection of the goods by the defendants, one of the defendants and one of the plaintiffs went to the railroad station at Rochester, saw this steel in the freight house of the railroad there, and had negotiations about a settlement, but finally the defendants refused to receive any of the steel. The defendants produced testimony to sustain their defense.

I think there was a fair question for the jury on this evidence as to whether or not the defendants actually ordered this steel. Considering the fact that the defendants actually signed the order by which they purchased this steel at 16 cents, and retained a copy of it for some time without objection, together with the testimony of the plaintiffs' agent as to the actual transaction at the time the order was signed, I think the jury were justified in finding a verdict for the plaintiffs. The question was submitted to the jury by a charge to which no objection was made or exception taken, all of the defendants' requests being charged, and upon the evidence we are not justified in reversing the judgment as against the weight of evidence.

The only serious question arises upon an exception to the evidence. When the plaintiffs' agent who had procured the order was on the stand, he was asked on cross-examination whether he obtained any other orders for the plaintiffs in Rochester. He said that he had, and mentioned the persons from whom he had obtained orders, among others mentioning F. A. Maselli & Co. Upon redirect examination he was asked whether he was a witness in a case in which Mr. Maselli was the defendant, to which he answered that he was, whereupon he was asked: "And did the jury bring in a verdict in that case against Mr. Maselli?" That was objected to by the defendants as incompetent and immaterial. The objection was overruled, and defendants excepted, and the witness answered, "Yes." This testimony was incompetent; no foundation having been laid for it in the cross-examination of the witness.

After the plaintiffs had rested, the defendants called Maselli, who testified to facts tending to show that the same agent who had procured this order from the defendants had also, on behalf of the plaintiffs, procured under similar circumstances an order from him for materials of the same character. Maselli testified that the agent had offered to send a bar of steel for a sample, and that he signed an order without reading it, which, instead of ordering one bar of steel as a sample, ordered 2,600 pounds of steel; that the witness sent the steel back to the plaintiffs, and when the plaintiffs tried to adjust it with him he drove

them out of the office with a chair; that the plaintiffs wanted the witness to sign an agreement to settle the trouble; that the witness dictated an agreement of that kind, but his bookkeeper advised him not to sign it, and when he heard that advice he chased the plaintiffs away from the office, and they ran. On cross-examination Maselli testified that plaintiffs had brought an action against him on his order, and that he had made the same statement in that action when it was tried a few days before, and was then asked: "And the jury brought in a verdict against you for the full amount?" The defendants made the same objection as before to this question; but the objection does not appear to have been ruled upon by the court, nor did the defendants except, and the witness answered, "Yes."

I think this evidence was then competent. The defense to the enforcement of this order, conceded to have been signed by the defendants, was that it had been obtained by fraud; and upon that issue the defendants called this witness to prove a contemporaneous fraud practiced by the same agent at about the same time. It is apparent that such testimony placed the party against whom the charge is made at a disadvantage, as he has to meet, not only the fraud charged, upon which the cause of action or defense is based, but also other charges of similar transactions. Under such circumstances he should certainly be entitled by cross-examination to discredit the motive of the witnesses who have testified to such other transactions, and by any means show bias or prejudice which would tend to influence their testimony. For that purpose, it seems to me, it would be competent to show that a witness who testified to such a contemporaneous fraud had had the fraud investigated in a judicial proceeding and had failed to establish the fraud claimed. It not only had a direct bearing upon the truth of the charge made, but also was competent, upon the bias of the witness and the credibility to be given to his testimony, to show that he had made the charge and had testified to it in a judicial proceeding, but that it had been discredited in such proceeding by a verdict or determination against him.

The general rule in regard to the cross-examination of a witness is discussed in People v. Brooks, 131 N. Y. 321, 30 N. E. 189, where it is said:

"The hostility of a witness towards a party against whom he is called may be proved by any competent evidence. It may be shown by cross-examination of the witness, or witnesses may be called who can swear to facts showing it. * * * He is simply seeking to discredit him by showing his hostility and malice; and, as that may be proved by any competent evidence, we see no reason for holding that he must first be examined as to his hostility."

As to the extent of a cross-examination to prove bias or hostility of a witness, it is largely in the discretion of the court; but any fact which tends to show bias or prejudice of a witness against the adverse party, or friendship or interest in favor of the party in whose behalf he is called, is competent evidence to be considered by the court or jury in determining the weight to be given to his testimony. And for this reason we held in Maguire v. Hughes, 126 App. Div. 637, 111 N. Y. Supp. 153, that upon the cross-examination of an expert in an action to recover for services rendered by a physician it was competent

to show that the witness had brought an action against the defendant for professional services, and that he had been unsuccessful in such action, as tending to prove a bias or prejudice against the party against whom he was testifying.

The result of this action brought by the plaintiffs against Maselli having thus been rendered competent testimony by the defendants calling Maselli as a witness to prove a fraud practiced upon him by the plaintiffs, the judgment will not be reversed because the same fact had been proved before the defendants had called Maselli as a witness and had thus made evidence of the fact competent. There was no objection to the testimony on the ground that the proper proof was the record of the former trial, and as that could have been obviated by the introduction of that record, it is not available to the defendants on appeal, and in addition the defendants did not insist upon a ruling of the trial court upon their objection, and except to that ruling, when the question was asked of Maselli. It also appeared that after Maselli's examination was completed, and after all the evidence was in, the defendants introduced in evidence the pleadings in the action brought by the plaintiffs against Maselli, in which the determination had been made; and it is claimed that the testimony was rendered incompetent because no issue of fraud was presented by the pleadings. But, if the testimony was rendered incompetent by the subsequent introduction of the pleadings in evidence, the defendants should have moved to have the objectionable testimony stricken out. No such motion was made, nor did the defendants ask the court to instruct the jury to disregard it.

There are other points raised by the defendants on this appeal which we do not think require extended notice. The objection that the articles were not delivered is made, but the contract was that the delivery was to be f. o. b. Rochester, N. Y., freight and duty prepaid, and the arrival of the merchandise at Rochester, the freight and duty having been paid, was a delivery under the contract. The evidence is undisputed that the articles included in the order were in the freight house of the railroad company at Rochester, subject to the defendants' acceptance, and were examined there by the defendants; and this was a sufficient delivery to charge the defendants with the price of the goods purchased.

We think, therefore, that the jury having determined the questions of fact in favor of the plaintiffs, and no error having been committed on the trial which justifies a reversal, the judgment appealed from must be affirmed, with costs. All concur.