█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMOS CHANDLER, Appellant.—Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: Defendant raises several points on appeal, one of which has merit and requires reversal. In furtherance of his persistent denial that he committed the crimes charged in the indictment, defendant offered alibi witnesses who testified that he was elsewhere than at the scene of the crime at the time it was alleged to have been committed. The testimony of one of those witnesses, Tommy Verdell, was not substantially impeached on cross-examination and was reasonably consistent with the direct testimony of another alibi witness, Carrie Waring. On cross-examination of the witness Waring, however, she testified that her observations of the defendant were made on the early morning of Sunday, June 20, 1976 and not, as she had indicated in her direct testimony, on the early morning of Saturday, June 19, 1976 which was the date of the crime. Thereupon the District Attorney moved to strike her entire testimony and, on further examination of the witness by the court before ruling on the motion, the witness repeated the testimony which she had given on cross-examination. The court then struck her entire testimony without giving defendant's counsel an opportunity to be heard. In granting the District Attorney's motion, the court stated in the presence of the jury that the witness' testimony related to her observations of the defendant on the morning of June 20, not June 19. Following the court's ruling, defense counsel repeatedly requested an opportunity to conduct redirect examination for the purpose of rehabilitating the witness but those requests were denied. It is long settled that a witness "may be re-examined by the party calling him upon all topics on which he has been cross-examined, for the purpose of explaining any new facts which came out; but the re-examination must be confined to the subject-matter of the cross-examination" (People v Buchanan, 145 NY 1, 24). Such re-examination may be conducted as a matter of right with respect to matters elicited on cross-examination (Fisch, New York Evidence [2d ed], § 344; cf. Anderson v Brown, 276 App Div 450, affd 302 NY 773; Neumeyer v Hooker, 131 App Div 592, affd 199 NY 591). A witness should be given the opportunity to explain away the effect of any "inconsistency by relating whatever circumstances would naturally remove it" (3A Wigmore, Evidence, [rev 3d ed], § 1044). Thus, at the very least, the trial court should not have granted the District Attorney's motion to strike the witness' testimony until defense counsel was given an adequate opportunity to re-examine the witness. Additionally, since her direct testimony dovetailed with that of the witness Verdell and that of another defense witness, Mozelle Brown, the court's statement, in the presence of the jury, that Waring's testimony related to events of the morning of June 20 rather than June 19, may be interpreted as an impermissible expression of opinion on the credibility of those other witnesses. Since the proof of defendant's guilt may not be characterized as overwhelming, the error may not be

considered harmless. Finally, we note that at the new trial any reference by Officer Tirinato to having observed "pornographic books" at the defendant's apartment should be excluded. The prejudicial effect of such testimony far outweighs any probative value it might have. (Appeal from judgment of Onondaga Supreme Court—rape, first degree, etc.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.